UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DARRIUS MARTIN**  **CIVIL ACTION**

**VERSUS**  **No. 22-1296**

**AMERICAN SUGAR REFINING, INC.**  **SECTION I**

### ORDER & REASONS

Before the Court is plaintiff Darrius Martin's ("Martin") motion[1] to alter or amend this Court's judgment dismissing his complaint without prejudice for insufficiency of service of process. Defendant American Sugar Refining, Inc. ("ASR") opposes the motion. For the reasons discussed below, the Court denies the motion.

### I.  BACKGROUND

On May 11, 2022, Martin filed a complaint against ASR alleging that ASR violated federal employment discrimination laws when it terminated his employment.[2] On June 27, 2022, ASR filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficiency of service of process, alleging that Martin failed to make personal service on a registered agent of ASR, as required by Federal Rule of Civil Procedure 4.[3] Martin did not file an opposition to that motion.[4] This Court granted ASR's motion on August 17, 2022, dismissing Martin's claims

---

[1] R. Doc. No. 17.
[2] R. Doc. No. 1.
[3] R. Doc. No. 7. At the time ASR filed its motion to dismiss, the case was referred to the United States Magistrate Judge assigned to this matter. While that motion was pending, the referral was vacated due to lack of party consent. R. Doc. No. 9.
[4] Martin's opposition to ASR's motion to dismiss was due on July 5, 2022. *See* R. Doc. No. 7 (dated for submission on July 13, 2022).

1

without prejudice.[5]

Martin filed the instant motion on September 27, 2022. Martin requests that this Court amend the judgment dismissing his claims. He asserts that his counsel was unaware of ASR's motion to dismiss, and that he is entitled to relief pursuant to Federal Rules of Civil Procedure 5, 59(e), and 60(b).[6]

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) allows a party to seek relief from a final judgment for "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). In considering whether to alter or amend a final judgment under Rule 59(e), courts consider whether (1) there has been an intervening change in the controlling law; (2) the movant has presented newly discovered evidence; or (3) the judgment was based upon a manifest error of law or fact. *United States v. Garrett*, 15 F.4th 335, 340 n.5 (5th Cir. 2021). A party must file a Rule 59(e) motion "no later than 28 days after the entry of the judgment" it seeks to alter or amend. Fed. R. Civ. P. 59(e).

If a party fails to meet the 28-day deadline, courts have discretion to treat an untimely Rule 59(e) motion as a Rule 60(b) motion if the grounds asserted in support of the Rule 59(e) motion would also support Rule 60(b) relief. *Frew v. Young*, 992 F.3d 391, 396 (5th Cir. 2021). Rule 60(b) provides that, "[o]n motion and just terms, the

---

[5] R. Doc. No. 10.
[6] R. Doc. No. 17-1, at 1.

court may relieve a party or its legal representative from a final judgment, order, or proceeding" for reasons including "mistake, inadvertence, surprise, or excusable neglect," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), 60(b)(6); *Pryor v. U.S. Postal Servs.*, 769 F.2d 281, 286 (5th Cir. 1985).

The determination of whether neglect is "excusable" is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "A party has a duty of diligence to inquire about the status of a case" and "gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." *Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019) (internal quotations omitted) (citing *Pryor*, 769 F.2d at 287). "In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Id.* (citing *Knapp v. Dow Corning Corp.*, 941 F.2d 1336, 1338 (5th Cir. 1991)).

### III. ANALYSIS

Plaintiff seeks relief under Rules 59(e) and 60(b)(1) and (b)(6), asserting that he did not know that ASR filed a motion to dismiss and was thus unable to oppose it.[7] Plaintiff alleges that ASR claimed to have mailed a copy of the motion to his counsel's office, but in fact did not do so,[8] and that ASR should have known that

---

[7] *Id.* at 2.

[8] *Id.* This allegation appears to refer to the "Certificate of Service" in ASR's motion to dismiss, which states "This motion was served in compliance with Rule 5 of the

Martin's attorney did not receive notice of the motion to dismiss.[9] Plaintiff's counsel admits that, despite having three emails enrolled in this Court's electronic filing system, he did not receive notice of ASR's motion to dismiss "because there was no consolidation of the email addresses with the new email address created by a legal assistant."[10] He further admits that he only learned of the dismissal on August 19, 2022, two days after this Court's order, when he inquired with the Clerk of Court about an entry of default.[11]

The Court first addresses Martin's claims regarding ASR's service of its motion to dismiss. Federal Rule of Civil Procedure 5(b)(2)(E) provides that motions may be served by "sending it to a registered user by filing it with the court's electronic-filing system." ASR filed its motion to dismiss via this Court's electronic filing system, and Martin does not dispute that his counsel was a registered user of that system. Rule 5(b)(2)(E) further provides, however, that electronic service of a motion "is not effective if the filer or sender learns that it did not reach the person to be served." Martin invokes this provision, and argues that "[g]iven the amount of activity in this matter without any participation by Plaintiff and his counsel, it has to be assumed

---

Federal Rules of Civil Procedure on June 27, 2022." Below this statement, the name and address of Martin's attorney appear. As ASR points out, this Court's Local Rules do not require a certificate of service when "all parties are electronic filers." LR 5.4. As discussed throughout this opinion, Martin's attorney is a registered user of this Court's electronic filing system.

[9] R. Doc. No. 17-1, at 3–4.
[10] *Id.* at 2.
[11] *Id.*

4

that Defendant's counsel knew or should have known that Plaintiff and his counsel had not been served with the motion to dismiss."[12] The Court disagrees.

ASR served its motion to dismiss in accordance with both Rule 5 and the applicable Local Rules. The certificate of e-filing accompanying ASR's motion to dismiss listed three email addresses for plaintiff's attorney.[13] Moreover, Martin's complaint was filed electronically, indicating that Martin's attorney knows how to use the electronic filing system.[14] Other than speculative argument, Martin points to nothing indicating that ASR knew that Martin did not see the properly filed and served motion to dismiss.

Turning to Martin's requested relief, the Court agrees with ASR's contention that he has failed to articulate sufficient grounds for relief under either Rule 59(e) or 60(b).[15] As stated above, Rule 59(e) provides for relief when there has been an intervening change in the controlling law, the movant presents newly discovered evidence, or the judgment was based upon a manifest error of law or fact. *Garrett*, 15 F.4th at 340 n.5. Martin has not pointed to any change in controlling law, presented new evidence, or argued that this Court's judgment dismissing his claims was based on manifest error of law or fact. *See Trevino,* 944 F.3d at 570 ("Failure to file a

---

[12] *Id.* at 3.
[13] *See* R. Doc. No. 10.
[14] *See* R. Doc. No. 1.
[15] Plaintiff's Rule 59 motion was untimely, as it was filed more than 28 days after this Court's entry of judgment. The Court may consider an untimely Rule 59 motion as a Rule 60(b) motion. *Frew*, 992 F.3d at 396. Plaintiff has invoked both Rules in his motion, so the Court addresses each in turn.

response to a motion to dismiss is not a manifest error of law or fact warranting relief under Rule 59(e).").

Plaintiff's motion also fails under Rule 60(b)(1). Carelessness with electronic communication is not excusable neglect within the meaning of that Rule. *See id.* at 571 (failure to register with the court's electronic filing system, as required by the local rules, was not excusable neglect justifying Rule 60(b) relief); *Walker v. Transfrontera CV de SA*, 634 F. App'x 422, 427 (5th Cir. 2015) (plaintiff's counsel's failure to update email address on file with the court, which led to plaintiff failing to respond to court's orders directing plaintiff to properly serve defendant, was not a mistake or excusable neglect under 60(b)); *Brackens v. Ocwen Loan Serv., LLC*, No. 3:13–CV–3458–L, 2015 WL 2131081, *2 (N.D. Tex. 2015) (holding plaintiff's failure to update email address in electronic filing system in compliance with local rules, which resulted in his failure to respond to defendant's motion to dismiss, did not warrant reconsideration under 60(b)). Martin has pointed to no "other reasons," beyond his lack of awareness of ASR's motion, justifying Rule 60 relief. Fed. R. Civ. P. 60(b)(6).

In sum, Martin has failed to identify circumstances justifying alteration of the judgment dismissing his claims without prejudice. Instead, plaintiff has pointed to circumstances indicating that his counsel has simply been careless. Plaintiff filed the complaint on May 11, 2022, but, by his own account, his counsel took no further action on the matter until August 19, 2022, when he inquired about entry of default. Had plaintiff's counsel checked the electronic filing system at any time after June 27, 2022,

when ASR filed its motion to dismiss, he would have been aware of the motion. He apparently did not do so. This behavior did not fulfill his "duty of diligence to inquire about the status of [his] case." *Trevino*, 944 F.3d at 571. Finally, the Court notes that, six months after filing the complaint, plaintiff *still* has not served ASR pursuant to the requirements of Rule 4.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that plaintiff's motion[16] to alter or amend this Court's judgment is **DENIED.**

New Orleans, Louisiana, November 22, 2022.

							LANCE M. AFRICK
							**UNITED STATES DISTRICT JUDGE**

---

[16] R. Doc. No. 7.